IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **SHEILA SCHIAFFINO** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No.: CBD-14-3643 |
| | * | |
| **IKEA U.S. EAST, LLC,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |
| | * | |
| | * | |
| | ***** | |

**MEMORANDUM OPINION**

Before this Court is Plaintiff's Supplemental Response to Defendant IKEA U.S. East, L.L.C.'s Partial Motion to Dismiss or, in the Alternative, Motion for Partial Summary Judgment (ECF No. 28) ("Plaintiff's Supplement"). For the reasons presented below, the Court **STRIKES** Plaintiff's Supplement.

**I.   Factual Background**

The Complaint of Ms. Sheila Schiafino ("Plaintiff") contends that on November 16, 2013, Plaintiff left her minor child in the care of IKEA, U.S. East, LLC ("Defendant") at an in-store play center called Småland. Plaintiff's child allegedly slipped and fell, sustaining injuries to his teeth and chin. Plaintiff alleges that IKEA was negligent in its construction of Småland and supervision of her child, and that IKEA is strictly liable for, *inter alia*, the defective design and improper labeling of Småland.

On March 23, 2015, Defendant filed a motion for partial summary judgment as to Plaintiff's strict liability claims. ECF No. 22. Plaintiff's opposition to this motion was due on

1

May 1, 2015.  ECF No. 24.  On May 1, 2015, Plaintiff filed her opposition.  On May 29, 2015, she filed Plaintiff's Supplement.

## II.     Legal Background and Discussion

Plaintiff's Supplement was filed contrary to the Local Rules.  According to the Local Rules, "[u]nless otherwise ordered by the Court, all memoranda in opposition to a motion shall be filed within fourteen (14) days of the service of the motion and any reply memoranda within fourteen (14) days after service of the opposition memoranda."  Local Rule 105.2(a) (D. Md. 2014).  Here, this Court permitted Plaintiff to file her opposition by May 1, 2015.  Plaintiff's Supplement was filed nearly a full month later, on May 29, 2015.

In addition, under the Local Rules, where a party seeks to extend a deadline to file any document, it must do so explicitly in writing.  Specifically,

> "[b]efore filing a motion . . . to extend the time for the filing of any document . . . counsel shall attempt to obtain the consent of other counsel and shall give notice of the motion to other counsel a reasonable time before presentation of the motion to the Court. Counsel shall state in the motion whether the consent of other counsel has been obtained."

Local Rule 105.9 (D. Md. 2014).   Plaintiff did not move for an extension to file the supplement.  Plaintiff also did not state whether the consent of opposing counsel had been sought or obtained.  Finally, Plaintiff provided no explanation for the more than one month delay between the deadline for filing her opposition and her filing of Plaintiff's Supplement.

## III.     Conclusion

For the foregoing reasons, the Court **STRIKES** Plaintiff's Supplement.

June 3, 2015                                                                                          /s/
                                                                                         Charles B. Day
                                                                                         United States Magistrate Judge

CBD/sdh